UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE M. JONES,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                           /

File No: 1:09-CV-508

HON. ROBERT HOLMES BELL

## OPINION

This matter is before the Court on a motion to dismiss Plaintiff's Second Amended Complaint (Dkt. No. 31) filed by Defendants Michigan Department of Corrections, Patricia Caruso, Mary Berghuis, and Michael Singleton. (Dkt. No. 32.) For the reasons discussed herein, the motion will be granted in part and denied in part.

**I. Claims**

Plaintiff Rose M. Jones brings this action against her employer, the Michigan Department of Corrections ("MDOC"), and against Patricia Caruso, Mary Berghuis, and Michael Singleton, employees of the Michigan Department of Corrections. Plaintiff alleges civil rights violations arising out of her employment with the MDOC pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 2000e-3(a); Title I of the Americans with Disabilities Act ("ADA"), as amended,

42 U.S.C. § 12101; 42 U.S.C. §§ 1981 and 1983; the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.; and Section 301 of the Labor Management Relation Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 141 et seq.; as well as pursuant to several Michigan statutes: the Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1201 et seq.; the Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2102 et seq.; and the Michigan Occupational Safety and Health Act ("MIOSHA"), Mich. Comp. Laws § 408.1001 et seq.

## II. Background

The following facts are taken from the allegations in Plaintiff's complaint. (Dkt. No. 31.) Plaintiff, an African-American female, has been employed by MDOC since 1998. She alleges that on March 2, 2007, she filed a written request for "set days off" with Defendant Deputy Warden Michael Singleton in order to complete educational requirements for a master's degree. Some time later, she was informed by Singleton that he had submitted her request to Defendant Warden Mary Berghuis, and that Berghuis had denied Plaintiff's request. Plaintiff later discovered that Singleton had never submitted the request.

The following January, Plaintiff discovered that another request for the same purpose had been granted to a white female employee who worked in the same capacity as Plaintiff.

Plaintiff filed the present cause of action on June 3, 2009, and filed her Second Amended Complaint on January 21, 2010. In that complaint, Plaintiff alleges that Defendant MDOC violated her rights under Title VII, § 1981, ELCRA, ADA, PWDCRA, MIOSHA,

2

FMLA, LMRA, and the Fourteenth Amendment (Dkt. No. 31, 2d. Am. Compl., Counts I-V). She alleges that Defendants Caruso, Berghuis, and Singleton violated her rights under Title VII, LMRA, § 1981, and the Fourteenth Amendment (Count V).

Defendants now move to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 32.) Defendants submit that Plaintiff's claims under the FMLA, ELCRA, PWDCRA, and ADA are barred by the Eleventh Amendment; that Plaintiff's §1983 claims against MDOC and MDOC officials in their official capacities are also barred by the Eleventh Amendment; that Plaintiff's § 1983 claims against Defendant Caruso are barred for lack of personal involvement; that Plaintiff's Title VII claims against Defendants in their individual capacities are barred by federal law; and that Plaintiff failed to state a claim for retaliation under the ADA or Title VII. Plaintiff has not responded to this motion.

### III. Legal Standards

**A. Rule 12(b)(1)**

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). This matter is before the Court on a facial attack. *See id.* (stating that "[a] facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading."). "When reviewing a facial attack, a district court takes the allegations in the complaint as true . . . .

3

If those allegations establish federal claims, jurisdiction exists." *Id.* (citation omitted). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

**B. Rule 12(b)(6)**

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading. Fed. R. Civ. P. 8(a). Still, "more than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some viable legal theory*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989)).

A motion brought pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, the Court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As with Rule 12(b)(1), to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Allard v. Weitzman (In re DeLorean Motor*

*Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, the denial of a motion to dismiss for failure to state a claim does not preclude a later summary judgment motion arguing that the plaintiff in fact cannot show evidence to support the claim. *Stemler v. Florence*, 350 F.3d 578, 590 (6th Cir. 2003).

**C. Eleventh Amendment Immunity**

The Eleventh Amendment states that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." But as the Supreme Court has indicated:

> Despite the narrowness of its terms, since *Hans v. Louisiana* we have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition of our constitutional structure which it confirms: that the States entered the federal system with their sovereignty intact; that the judicial authority in Article III is limited by this sovereignty; and that a State will therefore not be subject to suit in federal court unless it has consented to suit, either expressly or in the "plan of the convention."

*Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779 (1991) (internal citations omitted). A suit against state officials in their official capacity is a suit against their office, and may

5

likewise be barred by the Eleventh Amendment immunity of the state. *Grinter*, 532 F.3d at 572.

Yet the Eleventh Amendment is not an absolute bar to suits against states in federal court. States may consent to suit in federal court and, in some cases, Congress may abrogate a state's sovereign immunity. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). But the Supreme Court has established strict standards to determine both a Congressional abrogation and a state's waiver of sovereign immunity. *See id.* at 305. A federal court will find waiver of sovereign immunity only where that is the state's clear intent. *See Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (stating that "we will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.") (internal quotations omitted). A state does not waive its immunity merely by consenting to be sued in its own courts; "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (emphasis in original).

The MDOC is an "arm of the state" entitled to Eleventh Amendment immunity, *see Turnboe v. Stegall*, No. 00-1182, 2000 U.S. App. LEXIS 27967, at *6 (6th Cir. Nov. 1, 2000), and Michigan has not waived immunity or consented to suit. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

IV. Analysis

A. Count I - Race Discrimintation

In Count I of Plaintiff's complaint, she alleges that Defendant MDOC, in violation of Title VII and ELCRA, denied her the same opportunities and privileges allowed to similarly situated white employees and that she would have been allowed these opportunities and privileges had she been white. Defendants did not directly address Plaintiff's Title VII claim against MDOC in their motion to dismiss, and, indeed, arguments to dismiss Title VII claims against the state on Eleventh Amendment grounds would be unavailing. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). This claim will not be dismissed. Plaintiff's ELCRA claims against MDOC will be addressed below with the state law claims from Count II.

B. Count II - Disability Discrimination

In Count II of Plaintiff's complaint, she alleges that Defendant MDOC, in violation of the ADA, PWDCRA, and MIOSHA, ignored her communications that she suffered from a latex allergy and refused her request for reasonable accommodation for her latex allergy.

Plaintiff's ADA claim will be dismissed as barred by the Eleventh Amendment. Since this action is brought in an employment context, it is clear that Plaintiff intended to bring her claim under Title I of the ADA: "the statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA." *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997). The Supreme Court has held that Congress may not validly abrogate state sovereign immunity to make Title I of the ADA applicable to

7

states. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001). As discussed above, Defendant MDOC is an arm of the state entitled to Eleventh Amendment protection, and there is no indication that the State of Michigan has waived that immunity. The claim must accordingly be dismissed.

Plaintiff's several state claims against the MDOC will be likewise dismissed. In Count I, Plaintiff alleged that the MDOC violated ELCRA, and in Count II, Plaintiff alleged that the MDOC violated PWDCRA and MIOSHA. Plaintiff has not proffered and the Court is not aware of any indication that the State of Michigan has expressly or by overwhelming implication consented to be sued under any of these statutes in federal court. *See Fla. Nursing Home Ass'n*, 450 U.S. at 150. Thus, Plaintiff's claims against the MDOC under the ELCRA, PWDCRA, and MIOSHA will be dismissed. *Cf. White v. Mich. Dep't of Human Servs.*, No. 09-14631, 2010 U.S. Dist. LEXIS 79694, at *5 (E.D. Mich. Aug. 5, 2010) (holding likewise that the Eleventh Amendment would bar PWDCRA and ELCRA claims against the State of Michigan in federal court).

**C. Count III - Violations of the FMLA**

In Count III of Plaintiff's complaint, she alleges that Defendant MDOC, in violation of the FMLA, cancelled, without notice, her insurance benefits. Without offering an opinion regarding Defendants' Eleventh Amendment arguments, this claim will be dismissed for failure to state a claim.

"The Family and Medical Leave Act of 1993, as amended, (FMLA or Act) allows

'eligible' employees of a covered employer to take job-protected, unpaid leave, or to substitute appropriate paid leave if the employee has earned or accrued it." 29 C.F.R. § 825.100. More specifically, the FMLA affords an eligible employee up to twelve weeks of leave within a twelve-month period because of the birth or adoption of a child, in order to care for a close relative, because of the employee's serious health condition, or because of exigencies arising out of a close relative's covered active duty in the Armed Forces. *See* 29 U.S.C. § 2612(a)(1). There are two ways in which an employer can run afoul of the FMLA: (1) by interfering with, restraining, or denying the exercise of or the attempt to exercise the right to such leave (unlawful denial of FMLA leave) or (2) by discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the FMLA (unlawful retaliation under the FMLA). *See id.* § 2615(a)(1)-(2), *and Gipson v. Vought Aircraft Indus., Inc.*, No. 09-6026, 2010 U.S. App. LEXIS 14383 (6th Cir. July 13, 2010). In order to establish a case of unlawful retaliation under the FMLA, plaintiff must prove "(1) [t]hat he engaged in any activity protected by the FMLA; (2) [t]hat this exercise of his protected rights was known to Defendant; (3) [t]hat Defendant thereafter took an employment action adverse to Plaintiff; and (4) [t]hat there was a causal connection between the protected activity and the adverse employment action." *Weimer v. Honda of Am. Mfg.*, 356 F.App'x 812, 816 (6th Cir. 2009).

With regard to unlawful denial of leave, Plaintiff does not allege any facts to suggest that she requested the type of leave protected by the FMLA, or, if she did request it, that such

leave was denied. The facts alleged reflect merely a denial of "set days off" to pursue a master's degree. Pursuit of higher education is not a circumstance covered by the FMLA. *See* 29 U.S.C. § 2612(a)(1). As such, Plaintiff's factual allegations cannot sustain a claim for unlawful denial of leave under the FMLA.

With regard to unlawful retaliation under the FMLA, Plaintiff alleges in a separate section of her complaint that the MDOC "[c]ancell[ed], without notice, [her] insurance benefits and thereby violated [her] rights under the FMLA." While cancellation of insurance benefits is certainly an adverse employment action, Plaintiff has failed to allege any activity protected by the FMLA; that is, she does not allege that she either requested or took any FMLA protected leave. She has also given no indication that Defendant MDOC knew or had any reason to know of her exercise of protected rights. Without any FMLA protected activity, Defendant's knowledge, and a causal connection between the protected activity and the adverse employment action, there can be no claim for unlawful retaliation under the FMLA. *See Weimer*, 356 F.App'x at 816.

As noted above, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery. *See Allard*, 991 F.2d at 1240. Here, the Plaintiff has failed to state any allegations respecting key material elements required to state a claim under the FMLA. Thus, her FMLA claims will be dismissed.

**D. Count IV - Retaliation**

In Count IV, Plaintiff alleges that a Defendant[1], in violation of Title VII and the ADA, retaliated against her for having complained about the alleged discriminatory employment practices. This too will be dismissed for failure to state a claim.

In order to make a prima facie case for retaliation under Title VII, a plaintiff must show that: "(1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Morris v. Oldham County Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000). To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered adverse employment action; and (3) a causal connection existed between the protected activity and the adverse action. *See Penny v. United Parcel Service*, 128 F.3d 408, 417 (6th Cir. 1997).

Plaintiff's complaint recounts a single chain of events with regards to the Defendants: she requested set days off to complete her master's degree and was denied, while a white colleague had the same request granted. Examining the allegations in the light most

---

[1] Plaintiff does not specify which of the Defendants in this case is being accused of retaliation. Context leads the Court to believe that Plaintiff is referring to Defendant MDOC, but the analysis and result herein are the same regardless of which Defendant is targeted.

11

favorable to the Plaintiff and accepting them as true, this allegation may establish a prima facie case for race discrimination. Plaintiff has alleged in separate sections of her complaint, and this Court will accept as true for the purposes of this motion, that the MDOC ignored her communications that she suffered from a latex allergy and refused her reasonable accommodation for her latex condition. She has also alleged that the MDOC cancelled, without notice, her insurance benefits. In Count IV, Plaintiff alleges simply that "[d]efendant retaliated against [her] for having complained about Defendant's discriminatory employment practices described above," and "[d]efendant's actions were intentional, with reckless indifference."

In general, complaining about allegedly unlawful practices is a protected activity. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). Accepting Plaintiff's well-pleaded allegations as true, she has established adverse employment action. However, Plaintiff has failed to supply even the most meager facts to indicate that there is a causal connection between the protected activity and the adverse employment action, or even that the adverse employment action occurred after the protected activity, as is required to state a claim for retaliation under either Title VII or the ADA. While Plaintiff has alleged retaliation, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Here, Plaintiff has provided only labels and conclusions in a formulaic recitation of some of the elements of retaliation. She has not

12

provided any facts to support this claim. Accordingly, Plaintiff's retaliation claims under Title VII and the ADA will be dismissed.

**E. Count V - 42 U.S.C. §1983**

In Count V, Plaintiff alleges that all Defendants deprived her of her due process and equal protection rights under the Fourteenth Amendment, 42 U.S.C. §1981, and the LMRA. The basis for these claims is 42 U.S.C. §1983, which allows that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Two questions must be addressed in deciding Defendants' motion to dismiss: (1) what "persons" can be sued under §1983, and (2) what "rights, privileges, or immunities" §1983 can protect here.

**1. § 1983 Claims Against the MDOC and Officials in their Official Capacities**

The Supreme Court has held that a state is not a "person" within the meaning of §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, state agencies and state officials in their official capacities cannot be sued for money damages under §1983. *Id*. Here, Plaintiff is seeking money damages. (*See* Dkt. No. 31, 2d Am. Compl., at 10.) Accordingly, Plaintiff's §1983 claims against Defendant MDOC and Defendants Caruso, Berghuis, and Singleton in their official capacities will be dismissed.

**2. § 1983 Claims Against Patricia Caruso in her Individual Capacity**

Plaintiff has also named Patricia Caruso in her individual capacity, apparently because

13

she is the Director of the MDOC. It is not alleged that she was personally involved in any on the occurrences at issue in this case or had personal knowledge of the circumstances surrounding those issues.

Allegations of *respondeat superior* do not sustain a §1983 claim against state employees in their individual capacities. *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010). Rather, "officials should be personally liable in damages only for their own unconstitutional behavior." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009) (internal quotations omitted). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). Here, Plaintiff has not alleged any direct, personal involvement on the part of Defendant Caruso. Plaintiff has also not alleged that adverse actions taken against her were authorized, approved, or knowingly acquiesced in by Defendant Caruso. Accordingly, Plaintiff's § 1983 claims against Defendant Caruso in her individual capacity will be dismissed for lack of personal involvement.

**3. § 1983 Claims Against Other Officials in their Individual Capacities**

Plaintiff has also brought §1983 claims against Defendants Berghuis and Singleton in their individual capacities. Defendants have not addressed these claims in their motion to dismiss. Such a motion would likely be unavailing in any case - individuals may remain personally liable under §1983 even if their acts are of an official nature. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). However, not all of Plaintiff's alleged claims can stand against these defendants.

Again, Plaintiff is suing Defendants Caruso, Berghuis, and Singleton for deprivation of rights arising out of the Fourteenth Amendment, 42 U.S.C. §1981, and the LMRA. With regard to these Defendants, Plaintiff can have no rights arising out of the LMRA. The Defendants are associated with the only relevant employer in this case, the MDOC, which is a political subdivision of the state of Michigan. Political subdivisions of states are specifically exempted from the definition of "employer" for purposes of Section 301 of the LMRA. *See* 29 U.S.C. § 152(2). This is not a matter of who can be sued, but a matter of which employer/employee relationships can give rise to a suit. Thus, it is of no moment that it is individuals who are being sued. Plaintiff's employment relationship with the MDOC cannot in itself give rise to rights under the LMRA, and to the extent that Plaintiff is basing her §1983 claims against Defendants Berghuis and Singleton on the LMRA, those claims will be dismissed. *Accord Simpson v. United Auto Workers Local 6000*, 394 F. Supp. 2d 991, 999 (E.D. Mich. 2005) ("The fact that Plaintiff would be suing individuals rather than

MDOC directly has no bearing on the LMRA issue. . . . [I]f the contract in question is with the State or a political subdivision, the employee cannot assert a LMRA claim, regardless of whom is being sued."). Plaintiff's § 1983 claims against Defendants Berghuis and Singleton in their individual capacities for rights arising out of the Fourteenth Amendment and §1981, however, remain and are not being dismissed.

**4. Title VII Claims Against Defendants in their Individual Capacities**

Plaintiff also alleges in Count V that all Defendants deprived her of constitutional, statutory, and/or contractual rights contrary to Title VII. In their motion to dismiss, Defendants read this as a claim against Defendants Caruso, Berghuis, and Singleton as well as against the MDOC. Title VII is directed at employers. Individuals cannot be held personally liable if they are not employers. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). Thus, to the extent that Plaintiff is attempting to assert a Title VII claim against Defendants Caruso, Berghuis, and Singleton in their individual capacities, this claim will be dismissed. Defendants do not address Plaintiff's Title VII claim against Defendants Caruso, Berghuis, and Singleton in their official capacities, and, indeed, Title VII claims can be brought against state officials in their official capacities. *See McCoy v. Michigan*, No. 08-1641, 2010 U.S. App. LEXIS 5283, at *22 (6th Cir. March 12, 2010).

\

## V. Conclusion

For the reasons stated herein, the Court will dismiss Plaintiff's ELCRA claims in Count I; will dismiss the claims in Counts II, III, and IV; will dismiss the § 1983 claims in Count V against the MDOC, against Defendant Caruso in all capacities, and against Defendants Berghuis and Singleton in their official capacities; will dismiss the § 1983 claims in Count V as regard rights arising under the LMRA; and will dismiss the Title VII claims in Count V against Defendants Caruso, Berghuis, and Singleton in their individual capacities. Count I (Title VII) remains pending as to Defendant MDOC; Count V (§ 1983 claims for deprivation of rights arising under the Fourteenth Amendment and § 1981) remains pending as to Defendants Berghuis and Singleton in their individual capacities; and Count V (Title VII) remains pending as to Defendants Caruso, Berghuis, and Singleton in their official capacities.

An order will be entered that is consistent with this opinion.


Dated: September 10, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE